UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARMON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LEWANDOWSKI et al,<br><br>　　　　　　Defendants. | Case No.: 2:20-cv-09437-MEMF-MRWx<br><br>**ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT [ECF NOS. 72, 78]** |

　　　　On February 7, 2022, Plaintiff Jason Harmon filed an unopposed Motion for Entry of Judgment. ECF No. 72. On February 25, 2022, this Motion was re-noticed for hearing set for April 7, 2022. ECF No. 78. The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for April 7, 2022.[1] *See also* C.D. Cal. L.R. 7-15. For the reasons discussed below, the Court hereby GRANTS the Motion.

///

---

[1] On March 29, 2022, the parties filed a joint request to appear via Zoom. ECF No. 82. It appears that the parties may be under the impression that there is a Scheduling Conference set for April 7, 2022. There is no Scheduling Conference set for April 7, 2022, as the February 9, 2022 stay remains in place.

1

## I. Background

### A. Factual Background

On October 14, 2020, Plaintiff Jason Harmon ("Harmon") brought this action against officers of California State Prison, Los Angeles County, seeking damages under 42 U.S.C. § 1983 for their alleged role in and mishandling of Harmon's sexual assault by another incarcerated person. On June 14, 2021, Defendants L. Bridgeforth, J. Hanks, M. Vaughan, B. Perez, A. Gaffney, M. Rosales, G. Hernandez, and T. Lewandowski (collectively, the "Lewandowski Defendants") filed a Motion for Summary Judgment. ECF No. 28. On November 30, 2021, the Court granted the Motion for Summary Judgment as to Defendants L. Bridgeforth, T. Lewandowski, and M. Rosales (collectively, the "Dismissed Defendants") on all claims against them. ECF No. 59 ("Summary Judgment Order").

### B. Procedural History

On February 7, 2022, Harmon filed an unopposed Motion for Entry of Judgment. ECF No. 72 ("Mot."). Harmon requested that the Court enter final judgment as to their[2] claims against the Dismissed Defendants, with respect to the Court's Summary Judgment Order. *Id.* On February 10, 2022, pursuant to an Order of the Chief Judge, this case was reassigned to this Court. ECF No. 75. On February 14, 2022, the Court issued a Reassignment Order vacating all pending law and motion hearings. ECF No. 77. On February 25, 2022, this Motion was re-noticed for hearing set for April 7, 2022. ECF No. 78. In their Motion, Harmon noted that the Lewandowski Defendants stated they would not oppose the Motion, so long as the parties agreed to stay all further proceedings in the matter pending resolution of Harmon's appeal, to which the parties have stipulated. Mot. at 2. On February 9, 2022, the Court issued an Order staying the proceedings. ECF No. 74.

## II. Legal Standard

Under Federal Rule of Civil Procedure 54(b), a district court may enter judgment on "fewer than all" claims or parties where there is "no just reason for delay." FED. R. CIV. P. 54(b); *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 889–90 (9th Cir. 2003). In determining whether there is "no

---

[2] The Court recognizes that Harmon is a non-binary individual who uses the gender neutral honorific Mx. and the pronouns they/them.

1  just reason for delay," a court must consider "such factors as the interrelationship of the claims as to
2  prevent piecemeal appeals." *SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1084 (9th Cir.
3  2010) (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006)).
4  The court "must take into account judicial administrative interests as well as the equities involved,"
5  and "consider such factors as whether the claims under review were separate from the others
6  remaining to be adjudicated and whether the nature of the claims already determined was such that
7  no appellate court would have to decide the same issues more than once even if there were
8  subsequent appeals." *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7–13 (1980).

9      In general, however, an order granting a motion for summary judgment is a final judgment
10 for purposes of Rule 54(b). *See SEC*, 617 F.3d at 1084–85 (concluding that "the district court
11 properly entered a Rule 54(b) final judgment on the . . . claims on which it granted summary
12 judgment").

13 **III.   Discussion**

14     In support of their Motion for Entry of Judgment, Harmon argues that there is no just reason
15 to delay entry of the Summary Judgment Order because the final judgment serves judicial
16 administrative interests and the equities favor entering final judgment. The Court agrees.

17     As an initial matter, the Summary Judgment Order is a final judgment. A judgment is final
18 for purposes of Rule 54(b) when it "terminates the litigation between the parties . . . and leaves
19 nothing to be done but to enforce by execution what has been determined." *Parr v. United States*,
20 351 U.S. 513, 518 (1956). The Summary Judgment Order completely disposes of Harmon's claims
21 against the Dismissed Defendants. Summary Judgment Order at 30 (granting summary judgment in
22 favor of Dismissed Defendants "on all claims arising against them"). As such, the Summary
23 Judgment Order is a final judgment for purposes of Rule 54(b).

24     Moreover, the Court finds that entry of judgment serves judicial administrative interests and
25 that the equities weigh in favor of entry of judgment. As the Ninth Circuit has held, "Rule 54(b)
26 certification is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939
27 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Intern. Ins. Co.*, 812 F.2d 465, 468 (9th
28 Cir. 1987)). A court may determine there is "no just reason for delay" where "the jurisdictional

claims [are] easily severable from the merits of the lawsuit." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993), *modified*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006). As a result, the Ninth Circuit affirmed the district court's entry of judgment where "[t]he jurisdictional question at issue [was] unrelated to the other issues in the case; thus, entry of final judgment [would] not lead to undesirable 'piecemeal appeals.'" *Id.* at 1484.

Although, as Harmon recognizes, exhaustion is "not technically a jurisdictional issue," Mot. at 5, exhaustion is nonetheless recognized as a threshold issue that should be determined before adjudicating the claims on the merits. *See Solórzano v. Small*, No. 1:08-cv-01949, 2012 WL 1076099, at *3 (E.D. Cal. Mar. 29, 2012) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Harmon's appeal will concern only the threshold question of exhaustion, which is unrelated to their § 1983 claims and would not give rise to any "piecemeal appeals." Moreover, immediate appeal of the Summary Judgment Order would aid "expeditious decision" of the case. Without entry of judgment, Harmon's appeal would be delayed until the Court enters final judgment as to all Defendants and, if the Ninth Circuit reverses the Summary Judgment Order, Harmon's claims may be split into separate trials. Entry of partial final judgment now would allow Harmon to file an immediate appeal on such claims.

**IV.  Conclusion**

In light of the foregoing, the Court hereby GRANTS the unopposed Motion for Entry of Judgment.

In light of the stay imposed February 9, 2022, the parties are ORDERED to file a joint status report one hundred and twenty (120 days) from the date of this Order advising this Court of the status of Harmon's appeal. As ordered on February 9, 2022, Harmon's counsel shall file with this Court a copy of the Ninth Circuit's decision in Harmon's appeal within ten (10) days from its issuance.

///

///

///

IT IS SO ORDERED.

Dated: March 31, 2022

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge